IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZACHARY PAUL HART, | } | |
| TDCJ-CID NO.1510187, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION H-09-2145 |
| | } | |
| HARRIS COUNTY D.A., *et al.*, | } | |
| Defendants. | } | |

OPINION ON DISMISSAL

Plaintiff Zachary Paul Hart, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that he was denied a fair trial by the trial judge, prosecutor, and his defense counsel. (Docket Entry No.1). Plaintiff seeks a federal grand jury investigation and monetary relief. (*Id.*).

For the reasons to follow, the Court will dismiss this action pursuant to 28 U.S.C. §1915(e)(2)(B).

BACKGROUND

On June 10, 2008, plaintiff entered a negotiated plea to the offense of indecency with a child in the 230th Criminal District Court of Harris County, Texas in cause number 1144078, for which he was sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.1); Texas Court website.[1]   Plaintiff claims that he was injected with heavy doses of medication that altered his understanding of the plea bargain. (Docket Entry No.1). He claims that Judge Belinda Hill and the Harris County District Attorney "railroaded" him into taking a plea bargain by threatening to enhance the indecency charge with a 2004 aggravated sexual

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=06181965

assault conviction.  (*Id.*).  Plaintiff also claims that he was told that if he entered such plea that he would be sentenced to five years confinement and fifteen years parole and that he would serve the five years in an S.O.T.P. or a mental hospital.  (*Id.*).  Plaintiff contends that the medication altered his understanding of the plea bargain and that his defense counsel used plaintiff's confusion to induce him to enter a plea and to manipulate the legal fee.  Plaintiff maintains that his defense counsel failed to deliver the promised terms of the plea bargain; consequently, he has been denied due process, has suffered defamation of character, and has been subjected to double jeopardy.  (*Id.*).  Plaintiff further maintains that he is wrongfully confined in the Montford Unit of TDCJ-CID.  (*Id.*).

<u>STANDARD OF REVIEW</u>

            The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA").  Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972).

            A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

DISCUSSION

Judicial Immunity

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he may face. *Mireles v. Waco,* 502 U.S. 9, 10 (1991).  Judges, both federal and state, enjoy absolute judicial immunity from damages for judicial acts performed in judicial proceedings before them. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).  Absolute immunity is viewed as "immunity from suit rather than a mere defense to liability." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.  In this case, plaintiff does not complain of any actions taken by Judge Hill that were non-judicial in nature nor does he state any facts that would show that Hill was acting in clear absence of all jurisdiction. *See McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir. 1972) (stating factors by which court determines whether judge's actions were judicial in nature). Consequently, plaintiff fails to state a claim for monetary damages against Judge Hill.

3

Accordingly, plaintiff's claims against Judge Belinda Hill are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Prosecutorial Immunity

Prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984). In this case, plaintiff seeks monetary damages from the Harris County District Attorney with respect to the terms of a plea bargain. Initiating and conducting plea bargains, papering a plea bargain and enforcing the terms of a plea bargain are all within the ambit of the prosecutor's duties and responsibilities for which the prosecutor is entitled to absolute immunity. *See e.g., Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993) (not designated for publication). Accordingly, plaintiff's claims against the Harris County District Attorney who prosecuted this case are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

State Actor

Section 1983 grants the right of redress only to one whose constitutional rights are violated by a person acting under color of state law. *See* 42 U.S.C. § 1983. Under § 1983, a plaintiff must show not only that there was a constitutional violation but also that the actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). It is well established that a privately retained attorney is not a state

actor.  *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in § 1983 lawsuit because retained counsel is not a state actor).  A retained counsel could, however, be liable under § 1983 if he acted jointly with the state or one of its agents.  *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).  Plaintiff has not alleged that his defense counsel was involved in any action with the state or a state actor.  Accordingly, plaintiff's claim is based on an indisputably meritless legal theory and is therefore, subject to dismissal as frivolous.[2]

## State Law Claims

To the extent that plaintiff seeks relief under state law, the Court declines to exercise its supplemental jurisdiction over such claims.  *See* 28 U.S.C. § 1367(c)(3) (providing that "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) (noting that "when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims").

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.     The present civil rights action is DISMISSED.

2.     All claims against all defendants under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] The Court also notes that where, as here, a plaintiff asserts a damages claim which, if successful, would necessarily imply the invalidity of a state court conviction, the claim is not cognizable under § 1983 until such time as the conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

3.      All state law claims against all defendants are DISMISSED
WITHOUT PREJUDICE.

4.      All pending motions, if any, are DENIED.

It is so ORDERED.

The Clerk will provide a copy of this order by facsimile transmission, regular

mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084,

Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville,

Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas,

211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 27th day of October, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE